Frederick Backer, J.
This motion presents a somewhat extraordinary situation. The motion is made by the daughter of the parties. She is two months short of the age of 17 years. She is supported in her motion by affidavits of her father, his present wife and others. The affidavits in her behalf are most persuasive. On the other hand, the affidavit interposed by the mother of movant is also very appealing and the court is extremely sympathetic to her situation. Much is to be said on both sides.
The parties were legally separated in 1950 by a decree of this court. The mother was awarded custody of the child — the movant herein. The father was allowed visitation and complete custody during the summer months of July and August of each year as well as other vacation periods. On September 4, 1951, the mother obtained a decree of divorce against the father in the State of Nevada. Soon after the separation decree in this court was entered, the mother moved to Sault Ste. Marie, Ontario, Canada, where she was raised. Her parents still reside there. She is employed as a claims examiner for a very large life insurance company and has been getting along comfortably. She has afforded the child all possible opportunities for education, church, social and girl scout activities and unquestionably has provided a good home. She has further encouraged the fihild to music study of violin, piano and voice. Despite the *915 mother’s care and devotion to the child over these past eight years, the child now, at the age of 17 years, has arrived at the point in her life where she feels bored with small-town life in Canada and has the keen urge to come to live in New York. She says she is lonely, bored and depressed in Sault Ste. Marie; that she has very few friends and is wasting her time in a small town where she has little if any opportunities to meet people. She earnestly desires to live permanently in New York where she feels that by education and social contact here she will have the opportunity to better herself in every way. She has broached the subject to her father who is happy to keep her permanently, as is his present wife. The child states she makes this application of her own free will; that she loves her mother but feels she has reached the age where she must make the best for herself; that the opportunity to do so is in New York City where she feels she will obtain educational advantages, social contacts and environment “in which I, as the daughter of a well-known medical specialist, the niece and granddaughter of doctors, will meet people of equal social status and environments so that my future as a young girl and a young lady will thereby be enhanced and the opportunity to better myself in the world will thereby be afforded me.”
This situation, graphically presents the tragedy of split homes. Fortunately, the parties are persons of refinement and gentility. They have approached the problem in a manner of good taste and common sense, rather than in the manner usually experienced by the courts in matters of this kind, where the parties’ attitude is one of suspicion, acrimony and recrimination, each assailing the motives of the other in their biased desire not to yield any advantage. Fortunately also is the mother’s attitude of understanding and fortitude in her desire to do what is best for the child. This merits the court’s observation as exceedingly commendable and refreshing, for it is extremely trying and sad to any mother who has devoted her life and energy to the raising of a child, to be met with the situation here presented. Solving the problem and penetrating the wall of obfuscation is not an easy task. The position to be taken however must be a realistic one for, in the last analysis, what is presented here is a situation requiring a solution enuring to the best interests of the child.
With that end in view, after a painstaking review of the affidavits herein and in the exercise of what I consider the best solution for the parties concerned at this posture of the child’s life, I conclude that the motion should be granted. Of course, plaintiff shall have liberal custody and visitation privileges *916 which shall be agreed upon and provided for in the order to be settled herein. In the event of failure to agree, settle order in which the court will make appropriate provisions.
The husband’s request for modification of the decree so as to reduce or delete the support provisions therein stated is denied.